### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **Criminal Action No. 2015-0017** |
| **MIGUEL ESPERANZA-VASQUEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Christian H. Stringer, Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Gabriel J. Villegas, Esq.,**
St. Thomas, U.S.V.I.
**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

### ORDER

THIS MATTER comes before the Court on Defendant's "Motion to Seal Document," wherein Defendant requests—without stating any legal basis or explanation—to file his sentencing memorandum under seal. (Dkt. No. 46).

"The First Amendment right of access to criminal proceedings is firmly established." *United States v. Smith*, 123 F.3d 140, 146 (3d Cir. 1997) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)). "[F]or a district court to seal a criminal proceeding or records, 'particularized findings must be made on the record in each case, (1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired.'" *Id*. at 147 (quoting *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994)). Thus, "where a right of access exists, the

proponent of closure bears a strong burden in rebutting the 'presumption of openness.'" *Antar*, 38 F.3d at 1362.

In the instant Motion, Defendant provides no basis upon which the Court can make "particularized findings" that an "overriding interest compels some limitation upon the right of access" to criminal records, and that sealing Defendant's sentencing memorandum "is the least restrictive means possible" of protecting that interest. *Antar*, 38 F.3d at 1363. Accordingly, it is hereby

**ORDERED** that Defendant's "Motion to Seal Document" is **DENIED**.

**SO ORDERED.**

Date:   June 16, 2016                                              _____/s/_____
                                                                                  WILMA A. LEWIS
                                                                                  Chief Judge